IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. 9:15-CR-24 |
| v. | § | |
| | § | JUDGE RON CLARK |
| WALTER DIGGLES ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

### I. BACKGROUND

After an eight-day trial, a jury convicted Mr. Walter Diggles, his wife Mrs. Rosie Diggles, and their daughter Ms. Anita Diggles of crimes in connection with misappropriation of disaster relief funds. During sentencing, the court considered letters submitted by members of the public in support of Defendants' good character and asking for leniency. The letters were sealed as part of the Defendants' respective sentencing memoranda.

Before the court is a request from KJAS News, which seeks unredacted copies of the character letters submitted to the court on behalf of Defendants prior to sentencing. Noting the presumption in favor of access to court records, the court informed the parties it was inclined to unseal the character letters and provided the parties with an opportunity to file objections to unsealing the letters and to request redaction of sensitive information. Dkt. #198.

The Government and Ms. Anita Diggles do not oppose unsealing the redacted letters. Mr. and Mrs. Diggles argue that: (a) the court lacks jurisdiction to release the letters because of Defendants' pending appeals; (b) the request relies on the FOIA, which does not apply to the federal judiciary; and (c) unsealing the letters would discourage future submissions. Dkt. ## 210, 211. Although Mr. and Mrs. Diggles oppose the release of the letters, they have in the alternative

agreed with the Government and Ms. Anita Diggles on the redactions that should be made if the letters are unsealed. Dkt. ## 207,208.

## II. DISCUSSION

### A. Jurisdiction to Unseal Records

Mr. and Mrs. Diggles both contend that once a notice of appeal is filed, the district court has limited power to act with respect to the matters on appeal. *See* FED. R. APP. P. 3. They request that the court forward the request to the United States District Court of Appeals for the Fifth Circuit. As an initial matter, the court must determine whether it has jurisdiction to consider the request in this case.

"In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)); *accord United States v. Pena*, 713 F. App'x 271, 272 (5th Cir. 2017). While an appeal of a judgment determining an entire action is pending, the district court lacks jurisdiction over that proceeding "except in aid of the appeal or to correct clerical errors." *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984); *see United States v. Aguilar*, 96 F. App'x 193, 195 (5th Cir. 2004) (recognizing a district court's authority to increase a term of supervised release from two years to three years, as required by the guidelines, after a notice of appeal had already been filed).

Under certain circumstances, a district court may even continue to exercise jurisdiction over aspects of a case that are directly involved in the pending appeal. *See, e.g.*, *United States v. Martin*, 596 F.3d 284, 286 (5th Cir. 2010) ("A district court has jurisdiction to modify a sentence during appeal if doing so does not impair the prisoner's constitutional rights."); *United States v. Stafford*, 29 F.3d 181, 184 (5th Cir. 1994) (stating that the district court "was not wholly lacking

2

in *jurisdiction* to act, so its actions were not void" when it modified the defendant's sentence and revoked his probation while an appeal was pending); *United States v. Greenwood*, 974 F.2d 1449, 1468-69 (5th Cir. 1992) (filing of "notices of appeal did not divest the district court of the jurisdiction to rule on the Government's motions for reconsideration filed shortly thereafter"). For example, the Fifth Circuit has held that a district court errs if it denies a motion for new trial for lack of jurisdiction because a case is pending on direct appeal. *United States v. Cronic*, 466 U.S. 648, 667 (1984); *United States v. Fleming*, 540 F. App'x 344, 345 (5th Cir. 2013); *United States v. Garza*, 116 F. App'x 478, 479 (5th Cir. 2004).

Each Defendant in this case has filed a notice of appeal. Although the character letters were submitted to the court and taken into consideration during sentencing, the court concludes that whether or not the letters should be sealed and whether or not there should be public access to redacted copies of the letters are not aspects of the cases pending on appeal. Mr. and Mrs. Diggles do not explain how releasing redacted copies of the letters would affect an aspect of the case involved in the appeal, nor do they provide legal authority for the proposition that a district court lacks jurisdiction to unseal its records during the pendency of an appeal. "Every court has supervisory power over its own records and files . . . ." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993). Accordingly, the court concludes it has jurisdiction to consider whether records it has sealed should be unsealed even though the case is on appeal.

**B. FOIA, by its own terms does not apply to the Judiciary.**

Mr. and Mrs. Diggles first contend that the court should deny KJAS News's request for the character letters because the request refers to the FOIA, which does not apply to courts. They claim that providing court records in response to a FOIA request would lead to inundation of the courts

3

by FOIA requests from attorneys and citizens seeking access to emails, private communications on public servers, and the courts' internal documents. In addition, they argue that restricting access to submissions from private individuals during the sentencing process allows those individuals to fully disclose their thoughts without fear of retribution from the public.

The court agrees that FOIA does not apply to the courts. FOIA requires agencies, under certain circumstances, to provide information upon receiving a request. 5 U.S.C. § 552. The statute defines an agency as "each authority of the Government of the United States . . . but does not include . . . the courts of the United States." *Id*. § 551(1). However, the fact that the letter request, which appears to have been drafted by a layperson, refers to an inapplicable statute does not mean that the court should ignore a valid request. Given the strong presumption in favor of public access to court proceedings, the court will determine whether the letters, or redacted versions of the letters, should be unsealed

**C. Public Right of Access under Common Law and the First Amendment**

The public has a common-law and First Amendment right to access criminal proceedings, including the right to inspect and copy judicial records. *Nixon*, 435 U.S. at 597 (1978); *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 n.1 (5th Cir. 2017); *Van Waeyenberghe*, 990 F.2d at 848. The public's access to judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Van Waeyenberghe*, 990 F.2d at 849 (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)); *see Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980) ("People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing."). The right of access to judicial records, however, is not absolute.

*Nixon*, 435 U.S. at 598; *Sealed Search Warrants*, 868 F.3d at 390 n.1; *Van Waeyenberghe*, 990 F.2d at 848. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Van Waeyenberghe*, 990 F.2d at 849 (quoting *Nixon*, 435 U.S. at 598).

When determining whether the public has a common law right of access to a particular aspect of a court proceeding, a district court has broad discretion to weigh the rationale for limiting access against the presumption that court proceedings should be subject to public scrutiny. *See Press-Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501, 10 (1984) (*Press-Enter. Co. I*); *Holy Land Found. for Relief & Dev.*, 624 F.3d at 689-90; *see also Nixon*, 435 U.S. at 598 (observing that courts have set limits on access to court records that could be "used to gratify private spite or promote public scandal," or "serve as reservoirs of libelous statements for press consumption . . . or as sources of business information that might harm a litigant's competitive standing" (citations omitted)).

"[T]he district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Van Waeyenberghe*, 990 F.2d at 848. Courts have recognized that privacy interests and safety concerns can override the presumption of public access to judicial records. *See, e.g.*, *Press-Enter. Co. I*, 464 U.S. at 511-12 (jury selection process in a trial involving allegations of rape may implicate a legitimate privacy interest of a prospective juror); *Presley v. Georgia*, 558 U.S. 209, 215-16 (2010) (threats of improper communications with jurors or safety concerns could be concrete enough to warrant closing *voir dire*); *United States v. McCraney*, 99 F. Supp. 3d 651, 659 (E.D. Tex. 2015) (disclosure of plea agreements identifying defendants who assist the prosecution may put those defendants or their family members at risk of extortion, injury, and death).

In addition to a common law right of access, the public has a First Amendment right of access to particular aspects of a criminal proceeding based on a two-part inquiry: "(1) whether the proceeding has historically been open to the public and press; and (2) 'whether public access plays a significant role in the function of the particular process in question.'" *In re Hearst Newspapers, LLC*, 641 F.3d 168, 175 (5th Cir. 2011) (quoting *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986) (*Press-Enter. Co. II*)); *accord Sealed Search Warrants*, 868 F.3d at 390 n.1. The Supreme Court has recognized a First Amendment right of access with respect to preliminary hearings, jury selection, and trial. *See In re Hearst Newspapers, L.L.C.*, 641 F.3d at 175-76 (citing *Press-Enter. Co. II*, 478 U.S. at 10; *Press-Enter. Co. I*, 464 U.S. at 505; *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604 (1982); *Richmond Newspapers, Inc.*, 448 U.S. at 576-77). The Fifth Circuit has recognized that the press and public have a First Amendment right of access to sentencing proceedings, which may extend to some documents filed for use in sentencing proceedings. *See In re Hearst Newspapers, L.L.C.*, 641 F.3d at 176, 181.

Moreover, courts are obligated to narrowly tailor limitations on the public's right to access open courts. *See Presley*, 558 U.S. at 216 ("[E]ven assuming, *arguendo*, that the trial court had an overriding interest in closing *voir dire*, it was still incumbent upon it to consider all reasonable alternatives to closure."); *United States v. Haller*, 837 F.2d 84, 87-88 (2d Cir. 1988) (holding that it was improper to seal an entire plea agreement but proper to redact one paragraph with cooperation language to ensure the safety of a defendant who had agreed to testify before a grand jury). Thus, when restricting access to judicial records, a court must identify the interest that overrides the public's right to access court records, consider reasonable measures to accommodate the overriding interest, and articulate supporting findings specific enough to allow a reviewing

court to determine whether the order was properly entered. *See Press-Enter. Co. I*, 464 U.S. at 510; *Presley*, 558 U.S. at 216; *Sealed Search Warrants*, 868 F.3d at 395.

Some documents filed in connection with sentencing proceedings, such as presentencing reports, can implicate an overriding interest that justifies keeping a document sealed. *See In re Hearst Newspapers, L.L.C.*, 641 F.3d at 181 n.14 (stating that presentence reports "have historically been treated as confidential"); *United States v. Huckaby*, 43 F.3d 135, 138 (5th Cir. 1995) ("There is a 'general presumption that courts will not grant third parties access to the presentence reports of other individuals.'"); *see also* FED. R. CRIM. P. 32(c)(3) (listing information that must be excluded from presentence reports). Under Eastern District of Texas Local Rules, certain types of criminal case documents, such as plea agreements and presentence investigation reports and objections thereto, are routinely sealed when filed. Some of these, such as plea agreements, are routinely unsealed after judgment has been entered. Local Rule CR-49(c). In *McCraney*, this court found an overriding interest in restricting access to information that suggests that a defendant has agreed to cooperate with the Government in exchange for a motion for downward departure under the United States Sentencing Guidelines § 5K1.1 or in exchange for the promise of future consideration of a Rule 35(b) motion for downward departure because it poses a substantial risk to the cooperating defendant and others. *McCraney*, 99 F. Supp. 3d at 659-60. Accordingly, Local Rule CR-49(c) lists certain documents that remain under seal even after judgment has been entered and any plea agreements are unsealed. *See id.* at 659 (noting that plea agreements generally do not contain information regarding a defendant's cooperation); *see also* FED. R. CRIM. P. 32(d)(3) (requiring exclusion of "information that, if disclosed, might result in physical or other harm to the defendant or others" from plea agreements).

Mr. and Mrs. Diggles suggest that authors of character letters have a privacy interest in those letters and in the thoughts expressed in them. They argue that individuals should be allowed to submit their private thoughts about a defendant during the sentencing process without fear of retribution. First, the fact that objections and sentencing memoranda responding to a sealed Presentence Investigation Report may be sealed, does not, by itself, justify sealing the letters attached to objections or sentencing memoranda. Just as in other cases in which sealing, or the lifting of a seal, is requested, the court considers each document separately.

Mr. and Mrs. Diggles rely on a general concern that individuals submitting an opinion of a defendant might fear public retribution. However, they do not show that any author of a character letter is entitled to special consideration, such as might be given to a minor for example. There is no indication that any author would face any specific consequences if the letters are disclosed to the public. Defendants do not point to a statement in any letter that discusses cooperation by a Defendant that might endanger that Defendant.

Nor do Mr. and Mrs. Diggles explain how redactions would be inadequate to protect privacy interests in personal identifying information such as home addresses. As a result, the court does not find a privacy interest that overrides the public's right to access the court's basis for its sentencing decision.

**D. Necessary Redactions**

KJAS News requested unredacted character letters. The court finds that the public's common-law and First Amendment right to access criminal proceedings, including the right to inspect and copy judicial records, is limited with respect to personal identifiers concerning authors of character letters and is outweighed by the privacy interests of the individuals concerned. Accordingly, the court ordered the parties to redact such sensitive information so that the letters

would include only the last four digits of Social Security numbers, the year of an individual's date of birth, the initials of a minor, the last four digits of financial account numbers, and the city and state of home addresses.  *See* FED. R. CRIM. P. 49.1(a)

The proposed redacted letters [Dkt. #208-1] submitted by the Government with agreement from Defendants also redacted personal email addresses and non-public website addresses. The court finds that the public's common-law and First Amendment right to access criminal proceedings, including the right to inspect and copy judicial records, is also limited with respect to such information about the authors of character letters submitted in connection with the sentencing of these three Defendants and is outweighed by the privacy interests of the individuals concerned. In this case such redactions are proper.   The court has compared the redacted versions of the letters with the originals to ensure that only the limited redactions set out above have been made.

### III.  CONCLUSION

The court finds no overriding privacy interest or safety concern that justifies maintaining the character letters completely under seal. Although KJAS News requested unredacted letters, the court finds that redaction of sensitive information specified in Federal Rule of Criminal procedure 49.1(a) and limited other personal contact information as specified above,  is warranted.

It is therefore ORDERED as follows:

(1) The redacted character letters [Dkt. #208-1] submitted to the court by the Government with agreement from Defendants regarding the redactions SHALL be unsealed.

(2) Since any opportunity to vindicate privacy rights on appeal would, for practical purposes, be lost if the documents are released before any Defendant could decide to appeal, it is further ORDERED that unsealing of the redacted letters is STAYED until

3:00 pm on August 14, 2018 to allow any Defendant an opportunity to file a notice of appeal of this ruling with the District Clerk before the redacted character letters are unsealed. It is further ORDERED that if a notice of appeal is filed with the Clerk then the documents shall remain sealed until a determination is made by the Fifth Circuit Court of Appeals.

So **ORDERED** and **SIGNED** this **6**   day of **August, 2018.**

_____
  Ron Clark, Senior District Judge