IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br>vs.<br><br>ROSIE M. DIGGLES, WALTER G. DIGGLES, AND ANITA DIGGLES<br><br>　　　　　Defendants. | No.9:15-CR-00024-RC |

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Pending is the Defendant Walter Diggles' *Motion for Compassionate Release from Custody due to COVID-19*. (Doc. No. 222.) Walter Diggles filed his motion requesting release for himself, as well as the release of his family and co-defendants, Rosie Diggles and Anita Diggles. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59. The Government filed a response and supporting attachments, as well as a supplemental response with supporting attachments. (Doc. No. 226, 227, 228, 230, 232.) Having considered the pending motion, responses, the record, and the applicable law, the undersigned recommends denying Defendant's motion.

### I. BACKGROUND

On August 3, 2017, the jury returned a verdict of guilty as to all counts against the Defendants. (Doc. No. 121.) Walter Diggles was sentenced to 108 months' imprisonment and ordered to pay restitution. In the instant motion, Diggles seeks to reduce his sentence due to COVID-19 and requests immediate release.

1

## II.  ANALYSIS AND RECOMMENDATION

As an initial matter, the court notes that it will only consider the instant motion as it pertains to Walter Diggs, *pro se*.  Although Diggles also requests relief on behalf of his wife and child, Rosie and Anita Diggles, who are also co-defendants, he has no standing or legal authority to file such motion on their behalf.  *See United States v. Saul,* 5:09-CV-069, 2010 WL 11553550, at *1 (E.D. Tex. Sept. 16, 2010) ("In short, while a layman may represent himself with respect to his individual claims, he is not authorized to act as an attorney for others in federal court.").  In any event, Rosie and Anita Diggles have already been released from prison and placed on home confinement in June of this year.

Diggles seeks compassionate release under the First Step Act of 2018.  On December 21, 2018, the President signed the First Step Act of 2018 into law.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The Act, in part, amended 18 U.S.C. § 3582(c), which gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment:

> The court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction; or the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  This provision is commonly referred to as "compassionate release."

Prior to the First Step Act, only the Director of the BOP could file a motion seeking compassionate release. *See Tuozzo v. Shartle*, No. 13-4897, 2014 WL 806450, at *2 (D.N.J. Feb. 27, 2014) (denying petitioner's motion for compassionate release because no motion for his release was filed by the BOP); *Slate v. United States*, No. 5:09-CV-00064, 2009 WL 1073640, at *3 (S.D.W.Va. Apr. 21, 2009) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release."). The First Step Act amended § 3582(c) by providing a defendant the means to appeal the BOP's decision not to file a motion for compassionate release on the defendant's behalf. *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D. Tex. June 17, 2019); *United States v. Bell*, No. 3:93-CR-302-M, 2019 WL 1531859, at *1 (N.D. Tex. Apr. 9, 2019). The plain language of the statute, however, makes it clear that a defendant must first exhaust his administrative remedies before seeking relief from the court. *United States v. Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019) ("This section authorizes release after a movant has exhausted his administrative remedies if 'extraordinary and compelling reasons warrant such a reduction.'" (quoting 18 U.S.C. § 3582(c)(1)(A)(i))).

In the instant motion, Diggles states that he completed the administrative process by requesting release from the warden on February 4, 2019, and again on March 27, 2020, and his requests were denied. Diggles provides copies of his letters to the warden. (Doc. No. 222.) The Probation Department reported that Diggles' request for home confinement submitted on May 4, 2020, was denied on June 12, 2020. The Government's response does not specifically address exhaustion of remedies, but states that the BOP denied Diggles' request for home confinement on August 14, 2020. (Doc. No. 230.) The Government also produced a document titled "Administrative Remedy Generalized Retrieval" dated August 13, 2020, which states that "no

3

remedy data exists for this inmate." (Doc. No. 228-3.) It is unclear to the undersigned whether Diggles has exhausted all of his administrative remedies based upon the information provided by parties. Nonetheless, as set forth below, Diggles has failed to meet the remaining statutory requirements for compassionate release.

An applicant for compassionate release must also show extraordinary and compelling reasons exist to warrant his release. In Application Note 1 to § 1B1.13 of the United States Sentencing Guidelines Manual, the Commission defines "extraordinary and compelling reasons" to include the following four categories of circumstances: (i) certain serious medical conditions of the defendant; (ii) the defendant is 65 years or older with serious health problems and has served at least 10 years or 75 percent of his term of imprisonment; (iii) the defendant's family has specified needs for a caregiver; and (iv) other reasons in the defendant's case that establish an extraordinary and compelling reason. The policy statement regarding compassionate release also requires a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Diggles only potentially qualifies under the first category. He contends in his motion that he is at high risk for contracting COVID-19 and developing medical complications as a result. He states that he is 68 years old and has chronic eye infections, as well as a family history of heart disease, cancer, and diabetes. (Doc. No. 222.) Otherwise, he states that he is in "relatively good health." (*Id.* at p.7.) The government argues his medical conditions are being successfully managed and treated while in BOP custody. (Doc. No. 226.) Moreover, Diggles reported in his motion, and his BOP medical records confirm, that he tested positive for COVID-19 in July but remained asymptomatic with a normal temperature range throughout his quarantine period. Consequently, there are no extraordinary or compelling reasons to release Diggles at this time.

Furthermore, Diggles' fear of contracting COVID-19 and dying as a result of complications do not establish that the BOP cannot manage any outbreak that may occur within his correctional facility, especially since we know that Diggles previously contracted the virus and was examined regularly for symptoms and any needed treatment. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020) (finding the defendant had failed to present extraordinary and compelling reasons to modify his prison sentence because he "does not meet any of the criteria set forth by the statute" and he "cites no authority for the proposition that the fear of contracting a communicable disease warrants a sentence modification"); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[A]s defendant does not assert that he is suffering from a medical condition as defined in U.S.S.G. § 1B1.13, a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").

Consequently, Diggles has failed to meet the requisite standard for compassionate release. Moreover, the BOP has instituted a comprehensive management approach that includes screening, testing, appropriate treatment, prevention, education, and infection control measures in response to COVID-19. *See Collins*, 2020 WL 1929844, at *3. The Memorandum to the BOP by Attorney General Barr on March 26, 2020, acknowledges that the Department of Justice ("DOJ") has an obligation to protect both BOP personnel and inmates. Attorney General Barr

also notes that the DOJ has the responsibility of protecting the public, meaning that "we cannot take any risk of transferring inmates to home confinement that will contribute to the spread of COVID-19 or put the public at risk in other ways."

In summary, Diggles has failed to satisfy his burden of showing the necessary circumstances to warrant relief under the statutory framework to which the court must adhere. *See United States v. Koons*, No. 16-214-05, 2020 WL 1940570, at *4-5 (W.D. La. Apr. 21, 2020) (stressing that "the rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances"). It is therefore the recommendation of the undersigned that the Defendant's Motion for Release be DENIED.

### III. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District

Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of September, 2020.

_____
Zack Hawthorn
United States Magistrate Judge