**\*\*NOT FOR PRINTED PUBLICATION\*\***

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | |
|---|---|
| **UNITED STATED OF AMERICA** § § § § **CASE NUMBER 9:15-CR-24-RC** **v.** § § § § § **WALTER G. DIGGLES** § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON DEFENDANT'S MOTION FOR RELEASE

The court referred Defendant's "*Emergency Motion under 18 U.S.C. 3582 (c) Compassionate Release/Reduction in Sentence*" filed on July 17, 2020, to United States Magistrate Judge Zack Hawthorn for consideration pursuant to applicable laws and orders of this court.

After review and consideration of Diggles' motion and the Government's response with accompanying documents and a supplemental response with attached documents (Doc. Nos. 226, 228, 230, 232), Judge Hawthorn issued a Report and Recommendation on September 9, 2020, denying Diggles' motion because he failed to show that he exhausted his administrative remedies or that he met the criteria for compassionate release. (Doc. No. 235.)

On September 16, 2020, Diggles filed an "*Amended Motion for Compassionate Release/Reduction in Sentence.*" (Doc. No. 236.) Diggles' amended motion reiterates his request for compassionate release and/or home confinement, explains the condition of the prison where he is housed, and notes that he requested a waiver of administrative remedies on August 21, 2020. (*Id.*) He also notes, again, that he previously contracted COVID-19, but had no

1

symptoms.  (*Id.*)   The Government filed a response to the Defendant's amended motion on September 30, 2020, and argued that the court is without authority to place Diggles in home confinement.  (Doc. No. 238.)  Rather, it is within the Bureau of Prisons' discretion to choose the inmate's place of incarceration after their sentence is imposed.  (*Id.*)

On October 2, 2020, Diggles filed a *Notice to the Court* (Doc. No. 239) requesting an update on the status of his motion and explaining that his amended motion was to address his intent to request home confinement or a sentence reduction.  In an abundance of caution, on October 7, 2020, the clerk was directed to re-mail Judge Hawthorn's report and recommendation by certified mail to ensure Diggles received a copy.  A representative at the facility where Diggles is housed signed the return receipt on October 13, 2020, and it was docketed with the Clerk on October 15, 2020.  (Doc. No. 240.)  Two weeks have passed, and there are still no objections to the Report and Recommendation.

The court conducted a *de novo* review pursuant to FED. R. CIV. P. 72(b)(3) and 28 U.S.C. § 636(b)(1)(C) of the pending motions, the responses, the record, and the applicable law.  Notwithstanding Diggles' amended motion, he has not shown that he properly exhausted his administrative remedies, which is a mandatory requirement.  *See United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020).  Further, Diggles still does not meet the criteria for compassionate release.  In addition, the court agrees with the Government's position that the court is without authority to allow Diggles to serve the remainder of his sentence in home confinement.  *See* 18 U.S.C.A. § 3621; *United States v. Voda*, 994 F.2d 149, 152 (5th Cir. 1993).  Therefore, the court finds Judge Hawthorn's findings are correct.

Accordingly, the court ACCEPTS Judge Hawthorn's Report and Recommendation (Doc. No. 235) and DENIES the Defendant's motions (Doc. Nos. 222, 236).

**So Ordered and Signed**

**Nov 2, 2020**

Ron Clark
Senior Judge